# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>SERGIO BAUTISTA MANZO,<br><br>  Defendant. | CASE NO. 16cr638-LAB-1 and 17cv619-LAB<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY AND DENYING LEAVE TO AMEND** |

On April 4, 2017, the Court denied Defendant Sergio Bautista Manzo's petition under 28 U.S.C. § 2255, both on the merits and because in his plea agreement he waived appeal or collateral attack. Defendant now asks for a certificate of appealability. He also claims he was unaware he had waived appeal or collateral attack, and blames his attorney for failing to have the waiver removed from the plea agreement.

The Court's earlier denial (Docket no. 36) explains why Defendant's claim is meritless. Defendant pled guilty to importation of marijuana and was sentenced to 30 months' imprisonment followed by three years' supervised release. He now claims that his Fifth Amendment rights were violated when he was questioned at the border. Under settled law, his guilty plea waived all those alleged defects. *See United States v. Davis*, 452 F.2d 577, 578 (9th Cir. 1971). Furthermore, his counsel was not ineffective for failing to challenge the admissibility of his confession, because there was no trial and no occasion to seek to

1 suppress his statements or to challenge admissibility. Defendant's claim fails on the merits, and the Court finds no reasonable jurist would find the matter debatable.

Defendant also attempts to argue that his own waiver of appeal is evidence of his counsel's ineffectiveness. The Court liberally construes this as a request for leave to amend his petition. So construed, his request is denied. First, his only claim fails on the merits, and waiver is only a secondary reason for its denial. Second, waiver of his meritless claim did not prejudice him and therefore cannot amount to ineffective assistance of counsel. *See Knowles v. Mirzayance*, 556 U.S. 111, 123–24 (2009) (citing *Strickland* v. Washington, 466 U.S. 668, 687 (1984)) (holding that a defendant claiming ineffective assistance of counsel must establish both deficient performance and prejudice). Third, the record belies Defendant's representation that he did not know about the waiver provision. He signed the plea agreement, certifying that he had read and understood it, and initialed the pages where the waiver appears. (Docket no. 1 at 11–13.) Moreover, the magistrate judge's report found that Defendant understood the waiver provision. (Docket no. 18 at 3:23–27; *see also* Docket no. 20 (order adopting the magistrate judge's report).) Finally, the waiver provision is a standard provision in plea agreements in this District. Asking the government to omit it would be futile, and defense counsel cannot unilaterally delete it. The request for leave to amend is **DENIED**.

Defendant also asked the Court to extend the time for him to file a notice of appeal. Because he has already timely filed a notice of appeal,[1] the request is **DENIED AS MOOT**. *See* Fed. R. Civ. P. 4(a)(1)(B) (time limit for filing a notice of appeal is 60 days after entry of the order appealed from, if the United States is a party).

/ / /
/ / /
/ / /

---

[1] The notice of appeal was submitted for filing on May 30 and is postmarked June 30. Because Defendant is proceeding *pro se*, he has the benefit of the "prisoner mailbox rule," under which a *pro se* prisoner's notice of appeal is deemed filed when he hands it to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

Because reasonable jurists would not find the Court's resolution of his claim debatable or wrong, and because Defendant waived appeal and collateral attack, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED**.

DATED: June 12, 2017

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge